FILE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR. NO. 06-019-01 ML
:
CARLOS DIAZ :

**MOTION FOR DISCOVERY AND DISCLOSURE**

Defendant by his counsel, hereby moves pursuant to Federal Rules of Criminal Procedure 12 (d) (2) 16 and 11, Federal Rules of Evidence, and Sections 2510-2520, 3500, of Title 18 United States Code and Fourth, Fifth and Sixth Amendments to the United States Constitution, for an order granting discovery as follows:

**I**
**FEDERAL RULES OF CRIMINAL PROCEDURE**
**RULE 12 (d) (2), 16**

1. Electronic Surveillance: Disclosure of the date, nature and circumstances of the acquisition of any evidence intended to be used in this prosecution derived, directly or indirectly, from any search and seizure, identification procedure, electronic surveillance, interrogation, mail cover, and use of any form of civil investigative demand.

2. Statements of Defendant:

A. Defendant requests inspection and copying of any relevant written or recorded statements made by him, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence, may become known to any attorney for he government; the substance of any oral statements made by him which the government intends to offer in evidence at the trial and which were made in response to interrogation by any person then known to the defendant to be a government agent. Rule 16 (a) (1) (A), F.R. Crim. P.

Defendant further requests inspection and copying of all written, recorded or oral statements, by whomever made, which the government will seek to attribute to him. Should the government seek to hold this defendant to the statements of others, the statements become "statements made by the defendant" within Rule 16 (a) (1) (A). In this category, the defendant includes statements made by his agents, employees and alleged co-conspirators and their agents' and employees' adoptive admissions and all other vicarious utterances.

Defendant further requests inspection and copy of the substance of any oral statements made by him to persons who elicited the statements at the request of agents of the government, and which the government intends to offer in evidence at trial. In this category, the defendant includes recorded telephone conversations in which a party to the conversation consented to the recording.

B. The defendants prior criminal record.

C. Copies of all books, papers, and documents which are within the possession, custody or control of the Government and all documents which were obtained by the government directly or through the use of an intermediary, including agents of the State of Rhode

Island, informants, cover law enforcement agents or the agents of any other Federal, State, or local Governmental agency.

This request further encompasses all copies of any documents described in Rule 16, regardless of whether the copying is by a photographic or electronic process; that is, defendant requests those copies which have been encoded by the government and appear in data processing storage devices or other data banks.

D. Reports of Examination and Tests

1. Defendant moves the Court for the entry of an order requiring the government to permit defendant to inspect and copy, prior to trial, any results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the government, and which are intended for use by the government as evidence-in-chief at the trial. Rule 16 (a) (1 (D), F.R. Crim P. Without limitation, defendant requests that the government be required to disclose the following:

(a) All psychological tests performed upon any government witness, whether or not such tests were performed at the request of the government and whether or not such tests were performed at a government facility. The movant includes in his motion, tests, which were performed by prison personnel.

(b) All handwriting samples and opinions of handwriting experts, upon which the government will rely, which are exculpatory of the defendant.

(c) All reports regarding voice comparison and analysis.

(d) All fingerprint samples, comparisons and opinions of fingerprint experts, upon which the government will rely, which are material to the defense of this cause, or which are exculpatory of the defendant.

(e) All evidence in the government's possession that any person in connection with the investigation, including, but not limited to persons whom the government intends to call as witnesses, underwent any polygraph examination, psychological stress evaluation, hypnosis or any other scientific procedure devised to determine whether a subject is telling the truth; all evidence in the possession of the government that any co-defendant, alleged co-conspirators, or other person allegedly associated in any way with any defendant on trial submitted to a polygraph examination for the

purpose of determining whether such person was being truthful concerning any matter relevant to this indictment.

3. Statement of Co-conspirators: The defendant moves for the production of all statements as defined by the Rule, of co-conspirators whether indicted or not.

4. Disclosure of Bad Acts: Defendant moves that this court order the government to disclose to the defendant the following:

A. The substance of any prior or subsequent bad acts or convictions of the defendant not charged in the indictment, if any, concerning which the government intends to offer evidence during any portion of the instant indictment, including a description of the conduct and the date and place thereof.

B. The names and addresses of all witnesses intended to be called by the government to offer such evidence; and;

C. Any reports or statements of such witness.

5. Exculpatory Evidence in Possession of Government

A. Defendant demands that the government furnish him with names, addresses, and statements, if any, of all persons who either directly or indirectly participated in any of the events alleged in the indictment.

B. Defendant further demands that the government furnish him with all statements given to government agents by persons who either died or became otherwise unavailable from the date of the inception of this investigation until the date of the indictment in the within case, so that defendant may determine whether the government profited from pre-indictment delay.

C. Defendant demands all statements in the possession of the government, which would tend to impeach the credibility of any witness upon whom the government intends to rely upon the trial including, but not limited to statements which contradict other statements by these and other persons.

D. Defendant asserts that in the context of this prosecution, the government is in the exclusive possession of exculpatory evidence which defendant can obtain only if this motion is granted.

E. The names of all persons who either directly or indirectly were offered some inducement by an agent of the government in return for testimony in this cause, regardless of whether the inducement was offered to the person directly or through a lawyer, whether it was in the form of a threat or a promise whether the offer was accepted or rejected or whether the government intends to call the person as a witness or not. By "inducement" is meant all things of value to the person sought to be induced, including, but not limited to, the following:

(a) Threats to prosecute for crime.
(b) Threats to investigate for crime.
(c) Threats to deprive of income, profession or reputation.
(d) Threats to injure either the person himself or any other person.
(e) Threats to increase sentence in pending prosecution or conviction.
(f) Threats to inform judges of lack of cooperation.
(g) Threats to inform others of misconduct.
(h) Promises of immunity from prosecution.
(i) Promises of reduce the number or seriousness of pending or proposed charges.
(j) Promises of leniency or promises to recommend leniency in federal and state prosecution.
(k) Promises of fees, compensation, expenses or negotiable paper.
(l) Promises of protection for self, family, or others.

(m) Promises of adjustments to income taxes, or accrued interest or penalties.

## II
## FEDERAL RULES OF CRIMINAL PROCEDURE: RULE 41 SEIZURES OF EVIDENCE

1. Whether any evidence in its possession concerning this defendant was acquired by a search and seizure by federal agents or by persons acting at the behest of federal agents, a description of this evidence; the date(s) on which such search(es) and seizure(s) occurred, whether executed pursuant to warrant and, if so, whether copies of affidavit(s) in support thereof will be made available to defendant for inspection and copying.

2. Whether any evidence in its possession concerning this defendant was obtained by any form of electronic surveillance or interception, and a description of this evidence (other than that information disclosed as of this date).

3. Whether any evidence in its possession concerning this defendant was acquired by means of a mail cover, and description of this evidence.

4. Whether any property, tangible or otherwise, owned by this defendant, or previously in his possession, was obtained by the government by any means other than a subpoena duces tecum, and a description of this property.

5. Whether any documents and papers were directly obtained form this defendant, and a description of the documents and papers, the date and place they were obtained, and the means by which they were obtained.

6. Whether any documents related to this case were obtained by the government by subpoena duces tecum, search warrant, or written request, and a description of these documents.

7. Whether the defendant was subject to the interception of messages which are transmitted by means of private courier, common carrier, telephone, telex, TWX or radio, and a description of the communication, the means of interception.

## III
## FEDERAL RULES OF EVIDENCE

A. Statements

Defendant, pursuant to the provisions of Rule 104, Fed. R. Evid. and defendant's right to effective representation by counsel and a fair trial moves that the prosecution be required to disclose whether it intends to offer in its case-in-chief, as a statement by defendant, any of the following:

a. Any statement by the defendant in his representative capacity. Rule 801 (d) (2) (A),

b. Any statement of which the defendant manifested his adoption or belief in its truth. Rule 801 (d) (2) (C).

c. Any statement made by another which was purportedly authorized by this defendant. Rule 801 (d) (2) (C).

d. Any statement by an agent or servant of defendant concerning a matter within the scope of his agency or employment and made during the existence of such relationship. Rule 801 (d) (2) (D).

B. Records

The defendant further moves this Honorable Court to require the prosecution to disclose whether it intends to offer upon the trial any of the following evidence:

(a) Recorded recollection. Rule 803 (5).

(b) Records of regularly conducted activity. Rule 803 (6).

(c) Absence of entries. Rule 803 (7).

(d) Public records and reports. Rule 803 (8).

(e) Absence of public record. Rule 803 (9).

(f) Other exceptions under Rules 803 (24) and 801 (b) (1)-(5).

C. <u>Learned Treaties</u>

Defendant further requests that the government inform him if it intends to rely upon the learned treaties. Rule 803 (18).

D. <u>Judicial Notice</u>

Defendant further requests that the government inform him whether it will ask the Court to take judicial notice of matters relevant to the government's case. Rule 201.

E. <u>Other Crimes</u>

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 404(b), Federal Rules of Evidence, defendant requests disclosure of all similar crimes, wrongs or acts allegedly committed by this defendant, upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identify or absence of mistake or accident.

F. <u>"Persons to the Grand Jury Unknown"</u>

Defendant further moves that the government be required to inform him of those persons who at trial will be alleged to be unindicted co-conspirators but were "persons to the grand jury unknown" at the time of the return of this indictment.

G. Impeachment By Specific Instances of Conduct

Defendant, pursuant to the provisions of the Fifth and Sixth Amendments to the United States Constitution and Rule 608 (d), Federal Rules of Evidence, moves this Honorable Court to require the government to disclose whether the defendant should testify in his own behalf, the government will attempt to rely upon specific instances of conduct for the purpose of impeachment.

H. Impeachment of Hearsay Declarants

Defendant, pursuant to the provisions of the Fifth and Sixth Amendments to the United States Constitution and Rule 806 of the Federal Rules of Evidence, moves this Honorable Court to require the government to furnish any evidence in its possession tending to impeach the credibility of any hearsay declarant upon whose statements the government intends to rely. Defendant asserts that hearsay declarants who are charged in this indictment, as well as uncharged hearsay declarants, fall within the ambit of Rule 806.

I. Impeachment of Government Witnesses

Pursuant to the provisions of the Fifth and Sixth Amendments to the United States Constitution and Rule 405, Federal Rules of Evidence, defendant moves this Honorable Court to require the government to disclose evidence in its possession concerning persons it intends to call as witnesses at trial of the following tenor:

(a) Each specific instance of conduct from which it could be inferred that the person in untruthful. Rule 405.

(b) All evidence in the possession of the government from which it could be inferred that the person has a reputation for untruthfulness or for shifting his own blame upon other persons. Rule 803 (21).

(c) All evidence that the person has a habit of attempting to secure an advantage for himself by the use of innocent persons to further an unlawful scheme or plan. Rule 406.

Respectfully submitted,
Carlos Diaz,
By his Attorney,

WJM 3/3/06

William J. Murphy (#4258)
MURPHY & FAY, LLP
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401- 490-3200
Facsimile: 401-490-3207

## CERTIFICATION

I, the undersigned, hereby certify that a true and accurate copy of the within Motion for Discovery and Disclosure was sent by regular, postage pre-paid, mail to: U. S. Attorney's Office, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence, Rhode Island 02903 on this, ~~the 27th day of February, 2006~~. March 3, 2006

FILE COPY

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**
**:**
**vs. : CR. NO. 06-019-01 ML**
**:**
**CARLOS DIAZ :**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY AND DISCLOSURE

1. Electronic Surveillance: *Federal Rules of Criminal Procedure (12) (d) (2)* allow a Defendant to demand disclosure of information necessary to determine whether a motion to suppress will properly lie. The first step in such determination is for the Defendant to learn the sources of the Government's evidence, to the extent that such sources implicate constitutional rights which may give rise to a motion to suppress. Our motion in this regard simply seeks such information for this legitimate purpose.

The controlling statute in the instant case is *18 USC 2518 (8) (d)* which provides in relevant part:

> The judge, upon filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications, and orders as the judge determines to be in the interest of justice.

The surveillance records, as to which any Defendant has standing, which concern themselves with illegally overheard conversations or conversations occurring at a Defendant's premises, should be turned over to the Defendant without first being submitted to the trial Judge for examination. *Alderman v. United States, 394 U.S. 165; United States v. McCarthy, (D.C.N.Y. 1968) 292 F. Supp. 937.*

Finally, *Rule 16 (a)(1)(c)* provides that a Defendant may:

> "inspect and copy of photograph books, papers, documents, tangible objects, buildings, places or copies of portions thereof, which are within the possession, custody, or control of the Government and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant."

The tapes, documents, and affidavits here are thus discoverable on two grounds under *Rule 16(a)(1)(c)*, because they are material to the preparation of his defense, and secondly, they were obtained from areas where he had an expectation of

privacy. Numerous decisions have held that recordings of statements unwittingly made to Government informants or to intended victims that had secured the cooperation of the police, are clearly discoverable under *Rule 16 (a)(1)(c).* See United States v. Vufalino *576 F2d 446 (2nd Cir. 1978);* United States v. Miranda, *526 F2d 1319 (2nd Cir. 1975).*

2. Statements of Defendant: A) *Rule 16 of the Rules of Criminal Procedure* provides for the disclosure of statements made by a Defendant within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government (a) (1) (A). discovery of those statements is in line with what the Supreme Court has described as the "better practice". Cicenia v. LaGay, *357 U.S. 504;* United States v. Johnson, *(C.A.N.Y.) 525 A2d, 999.*

The Defendant seeks disclosure of statements he allegedly made to third parties, including Government witnesses, which are relevant to this case. Defendant relies upon Will v. United States, *389 U.S. 90 (1967). See also,* United States v. Agnello, *367 F. Supp. 444 (E.D.N.Y.) 1973;* United States v. Bryant, *439 F2d 642 (D.C. Cir. 1971);* United States v. Kuperberg, *288 F. Supp. 115 (D.N.Y. 1967);* United States v. Hasiwar, *299 F. Supp. 1053 (D.N.Y. 969);* United States v. Ahmad, *52 F.R.D. 186 (M.D.Pa. 1971).* Some of these statements may be found in grand jury testimony of prospective Government witnesses, of which the Court has the power to disclose under Rule 6, notwithstanding that it may also be Jencks Act material: *See* United States v. Budzanoski, *462 F2d; 443; fn. 6 (3rd Cir. 1972).*

The prosecution has exclusive access to its own inventory of arguably relevant materials. The decisions under *Rule 16 (a)(1)* make delivery to the Defendant of his own statements a matter of routine. United States v. Porjansky, *44 F.R.D. 550, 552 (S.D.N.Y. 1968).* It is not necessary that the statements sought be in the exact words of the Defendant. The rule "applies equally to verbatim statements and summaries thereof". United States v. Morrison, *43 F.R.D. 516, 519 (N.D. Ill. 1967)* or in F.B.I. airtels, United States v. Alderision, *434 F2d 20 (10th Cir. 1970).* If the statements are contained in an otherwise undiscoverable internal government report or memorandum, the privileged or irrelevant matter should be excised, and the statement produced. United States v. Garrett, *305 F. Supp. 267 (S.D.N.Y. 1969)*, and in the case cited therein. In light of the emerging standard disfavoring privileges in general, any statement of claimed privilege asserted should be spread on the record for further comment by the defense.

Statements made to persons other than Government agents are within the purview of Rule 16, so long as they are in possession or control of the Government. United States v. Crisona, *416 F2d 107 (2nd Cir. 1969).*

Knowledge of his prior statement is an essential element in the decision of Defendant whether to take the stand and testify or to exercise his constitutional right

to remain silent. CF. *Harris v. New York, 401 U.S. 222 (1971); Poe v. United States, 233 F. Supp. 173 (D.D.C. 1964); affid., 352 F2d 639 (D.C. Cir. 1965).*

None of the requests of the Defendant impose an unreasonable burden on the Government; none requests material which this Defendant could readily obtain from non-governmental sources; and none asks for items that are outside the scope of the issues of this case. The requests therefore are both material and reasonable.

B) *Subsection (B) of Rule 16* provides for the discovery of the Defendant's prior record.

C) *Subsection (C) of Rule 16* provides for the discovery of all books, papers, and documents which are within the possession, custody or control of the Government. This section was intended to facilitate the exchange of tangible evidence which the Government intends to use at trial. *See United States v. Patrisso, D.C.N.Y. 20 F.R.D. 576.*

D) *Subsection (D) of Rule 16* provides for the discovery of reports of physical and mental examinations and of the results of scientific examinations and tests. This subsection embraces examinations in the area of handwriting and voice analysis. *United States v. Kohne, DC Pa. 1973 358 F. Supp. 1053.*

3. Statements of Co-conspirators

*Rule 16 (a)(1)(A)* requires the disclosure to the defense of statements made by nontestifying co-conspirators that might be imparted to the Defendant. *United States v. Jackson, (CA4) 757 F2d 1486.* Given the imputation of co-conspirators hearsay statements of Defendants by the agency fiction of *Fed. R. Evid. 801 (d)(2)(E)*, a traditional in pari materia construction of the two rules requires reading *Rule 16 (a)(1)(A)'s* reference to "Statements by the Defendant" to include any statement made by co-conspirators that have the potential for being treated as evidentiary admissions of the Defendant under *Rule 801 (d)(2)(E). United States v. Roberts (CA 4) 793 F2d 580 (4th Cir.1986).*

The intent behind Rule 16's discovery authorization was to minimize the danger of unfair surprise, to improve the fact-finding process and to increase the opportunity for informed pleas. These objectives are enhanced by pre-trial disclosure while at the same no real danger is posed for the Government or its witnesses. Indeed, it the security of a prospective witness were truly at issue, the Government could secure a protective order pursuant to *Rule 16 (d)(1).*

4. Bad Acts

*Federal Rules of Evidence, Rule 404 (b)* allows for the admission into evidence of "other crime, wrongs or acts...," subject to establishing a predicate nexus between those acts and the evidence in this case. Since this evidence, if it exists, would require the Defendant to defend against uncharged criminal conduct, the Government must disclose its intent and the nature of such evidence.

In *United States v. Foskers, 636 F2d 517 (D.C. 1980),* the Court held:
"...that in future cases, the Government (should) exercise its discretion given it by *Fed. R. Crim. P. 12(d)(1)* and notify the defense before trial of its intention to introduce any evidence of prior bad acts..."

See also, *United States v. Jackson, 621 F2 216 (5th Cir. 1980).* While Rule 404 is silent on when and how the admissibility of other crimes, wrongs or acts are to be determined, case law has clearly indicated that the more expeditious practice is that both pre-trial disclosure and ruling as to admissibility should be had. *See United States v. Capo, 595 F2d 1086 (5th Cir. 1979); United States v. O'Connor, 580 F2 38 (2nd Cir. 1978); United States v. Armstrong, 621 F2 951 (9th Cir. 1980).*

In the instant case, because the Government cannot demonstrate any reason not to disclose its intent to use such evidence (if any), this Court should require such disclosure to facilitate an orderly and expeditious trial.

5. Exculpatory Evidence in Possession of the Government

The Government has a constitutional obligation to disclose any and all consideration which it has held out to a witness or which the witness anticipates since such consideration directly gives rise to the inference or bias or interest. A common example of such matter which must be disclosed to the defendant is making or promises or the holding out of other inducement for a witness to cooperate and testify against the Defendant. *E.g., United States v. Tashman, 478 F2d 129 (5th Cir. 1973); United States v. Harris, 462 F2d 1033 (19th Cir. 1972). In Giglio v. United States, 405 U.S. 150 (1972)*, the Supreme Court made plain that this duty is an affirmative one which the Government must discharge responsibly and that discussion of leniency by another prosecutor, does not excuse the failure to disclose. In this case, which spans several jurisdictions, the prosecution is obliged to make appropriate inquiry and research to determine what consideration, broadly defined, it has offered to its witnesses, including, but not limited to, any beneficial treatment in the tax realm, not being charged as a co-conspirator, and the like.

In addition to promises of consideration which might prompt a witness' cooperation with the Government, the Defendant is entitled to be advised of any matter which might cause a witness to color his or her testimony in favor of the Government our of fear or interest in self-preservation. In this regard, it is sometimes overlooked that evidence of wrongdoing, even though not amounting to a felony conviction or comparable evidence of moral turpitude or bad character, may

nonetheless be adduced when relevant to show the bias or self-interest of the witness. _McCormick Evidence,_ *Section 40 at 78-80 (2nd Ed. 1972).* Typical of this category is information concerning the witness' possible vulnerability to prosecution, parole or probation revocation, or sanction by the Government. In *_United States v. Bonanno,_ 430 F2d 1060 (92nd Cir. 1970), _cert. denied,_ 400 U.S. 964 (1971),*
the Court condemned the Government's failure to disclose an outstanding indictment against its witness since the pendency of the charge would have shown "possible motivation of the witness to testify favorably for the Government". *430 F2d at 1062. Similarly, in _United States v. Padrent,_ 432 F2d 701 (92nd Cir. 1970),* the Court reversed the Defendant's conviction on the ground that his counsel had been denied the right to question a Government witness on cross-examination with regard to the witness' vulnerability to indictment for bail jumping.

In *_Davis v. Alaska,_ 415 U.S. 308, 316-17 (1974),* the Court held that the petitioner's constitutional right of confrontation had been denied when the State of Alaska, out of solicitude to maintain confidentiality of juvenile convictions, successfully prevented cross-examination as to the probationary status of an important witness against the accused. Since the witness might have colored his story in favor of the Government to avoid the possibility of revocation, the Defendant was entitled to prove this course of possible bias or interest. See also *_Meeks v. United States,_ 163 F2d 599, 600 (9th Cir. 1947)* parole status. In a vigorous opinion by Chief Justice Burger, the *_Davis Court_* underscored the necessity and legitimacy of searching out possible biases, prejudices and ulterior motives of the witness.

Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perception and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness... A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to the issues of personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and effecting the weight of this testimony". *3A.J. Wigmore, Evidence, Section 940, p. 775 (Chadbourn rev. 1970).* We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *_Greene v. McElroy,_ 360 U.S. 474, 496 (1959).*

Of course, motivations other than fear of criminal sanctions are also material. Thus, the prosecution should disclose such sources of bias or interest as potential financial reward by the United States, *_Wheeler v. United States,_ 351 F2d 946 (1st Cir. 1965)* or, on the other hand, civil tax liability to the United States - even though in

either event, no promises of consideration may have been made. The witness' expectations or hopes are controlling.

The existence and identification of each occasion on which the witness has testified or otherwise narrated the facts should be disclosed so that Defendant can order transcripts of testimony for use in cross-examination or can investigate sources of extrinsic impeachment, for example. McCormick points out:

When a witness testified to the facts material in a case the opponent may have available proof that the witness has previously made statements that are inconsistent with his present testimony. Under a modern view of the hearsay rule, these previous statements would be admissible as substantive evidence of the fact stated.

*McCormick, Evidence, Section 34 at 67 (2nd E. 1972). See also, Rules 801 (d)(1) and 806, Federal Rules of Evidence.* If the Government has available information which may lead to proof of prior inconsistent statements or other evidence helpful to the accused, fundamental fairness requires that it be turned over the defense. (This pretrial motion is not directly concerned with prior statements which may be producible only at trial because of the *"Jencks Act", 18 U.S.C. Section 3500*, or because the statements may be used to refresh the recollection of a witness). *Bradford v. United States, 271 F2d 58 (9th Cir. 1959).* Rather, we seek pretrial disclosure of *Jencks* material to the extent required by due process and primarily seek identification of statements not "in the possession of the United States, *18 U.S.C. Section 3500(a)*, or not made "to an agent of the Government", id., so that the statements may be obtained from other sources. See *United States v. Barash, 365 F2d 395. 400-01 (2nd Cir. 1966).* As the Ninth Circuit recently opined in similar context:

We agree with the trial court that (the witness') statement was in part exculpatory material and should have been turned over to the defense. The fact that the Government concluded in good faith that the evidence would not be very helpful to Miller does not excuse its failure to disclose the statement. The prosecutor is not merely an advocator for a party, he is also an administrator of justice. Considering the vast investigatory resources and powers at the Government's disposal, an elemental sense of fair play demands disclosure of evidence that in any way may be exculpatory. If the Government, upon request by the accused, has serious doubts about the usefulness of the evidence to the defense, the Government should resolve all doubts in favor of full disclosure. Such a rule appears particularly appropriate since disclosure could cause no harm to the Government while suppression could very will prejudice the Defendant.

*United States v. Miller, 529 F2d 1125, 118 (9th Cir. 1976) (emphasis original) (Footnotes omitted).*

Thus, the Government should identify the sources of information which will allow the Defendant to make his own pursuit of justice. *E.g., Britt v. North Carolina, 404 U.S. 226 (1971)* (indigent Defendant entitled to free transcript or adequate transcript substitute of prior trial).

If the witness is an informer, accomplice, or co-conspirator the Defendant should also be advised of all occasions, known to the Government on which the witness has previously testified. As to such crucial and inherently suspect witnesses, the Defendant must have the greatest possible latitude in investigation as well as cross-examination.

*Johnson v. Brewer, 521 F2d 556 (8th Cir. 1975). In Johnson v. Brewer, supra,* the Court granted federal habeas corpus relief to a prisoner who had been convicted on the testimony of a paid informer. At his Iowa state trial, the petitioner offered to prove that the witness had lied and attempted to frame a Defendant in another drug trial in Michigan. In light of the witness' modus operandi as an undercover agent, his career status as an informant depended on a continuing relationship with the state authorities, the possibilities or bias arising from the fact of the prior lie and career status and the perceived unreliability of informant witnesses, the Court of Appeals concluded the jury was entitled to know of the Michigan testimony. The exclusion of the evidence amounts to a denial of due process.

The same capability to assess all prior testimony of expert witnesses is also necessary if there is to be true confrontation and cross-examination. *McConnell v. United States, 393 F2d 404 (5th Cir. 1968)* (defendant entitled to impeach handwriting expert by showing mistaken identification at another albeit related trial).

It has also been held that where a Government employee serves as a prosecution witness, the Defendant is entitled to have access to her or his Government personnel file in order to ascertain whether there is information within it which could be of an impeaching nature. *United States v. Deutsch, 475 F2d 55, 58 (5th Cir. 1973).* Similarly, in *United States v. Morell, 524 F2d 550, 552-55 (2nd Cir. 1975)*, the Court of Appeals held that the Defendant was entitled to impeaching information from the confidential file of an informant witness.

This motion is directed to files to which the government has access. As to personnel files (Government or otherwise), all should be disclosed on the authority of *United States v. Deutsch, supra.* As to Government files generally, all should be identified so that specific and appropriate motions can be addressed to them.

We not in passing that the definition of the word "witness includes certain 'nonwitnesses'". If the Government seeks to make its proof against the Defendant by introducing the declarations of nonwitnesses, the Defendant is permitted to impeach such declarants. *Rule 806, Federal Rules of Evidence.* Indeed,

such statement in the nature of common law hearsay authorize impeachment in the same way as if the declarant testified at the trial. *See 32 Wigmore Evidence, Section 884 (3rd Ed. 1940).*

The same requirement of disclosure of course would be true if the Government knew a witness had an appetite for narcotic drugs a the time of the relevant events, *United States v. Kinard, 465 F2d 556, 570-74 (D.C. Cir. 1972),* or during trial, *Wilson v. United States, 232 U.S. 563, 568 (1914)*, or if a witness harbored a distaste for the Defendant, e.g., *United States v. Kartman, 417 F2d 893, 987 (9th Cir. 1969).* Impeachment comes in many forms and to the extent that the Government recognized it either by virtue of the suggestions in this motion or otherwise the evidence for such purposes may not be suppressed, regardless of the good faith or bad faith of the prosecution *Brady v. Maryland, supra.*

6. The Rule 41 Seizures

*Rule 41 (e)* provides that a person aggrieved by an unlawful search and seizure may move the District Court of the return of property on the ground that it was illegally seized. It's purpose is to enforce the exclusionary rule regarding illegally obtained evidence. *Central South Carolina Journalists v. United States District Court for the District of South Carolina, 551 F2d 559.* Any number of issues may permissibly be raised to contest the admissibility of evidence. These issues, however, would not be known to the Defendant if he were not furnished with the information sought in this portion of his motion for discovery and disclosure. Moreover, a Defendant would not know whether evidence previously suppressed was being employed in the current prosecution, and thus would be unable to urge the doctrine of res judicata. *See Mayor v. United States, D.D. Ill. 1977, 425 F. Supp. 119.*

7. Federal Rules of Evidence

The Federal Rules of Evidence were designed to secure fairness in the administration of justice and to promote growth and development to the end that the truth may be ascertained and proceedings justly determined. *Rule 102, United States v. Augenblick, 393 U.S. 348.* They have not entirely supplanted common law principals which still govern in the absence of an applicable rule; see *United States v. Bolin, 514 F2d 554 (7th Cir. 1975)*, but they do make plain that the District Courts are not engaged in some arid scholarly exercise, but rather in the serious business of seeking to resolve disputes fairly and justly. Thus, time and time again, courts have rejected inflexible constructions of the Rules of Evidence, as being inconsistent with the mandate of *Rule 102 e.g. United States v. Bibbs, 564 F2d 1 (5th Cir. 1977); United States v. King 73 F.R.D. 103 (E.D.N.Y. 1977); United States v. Thorne, 547 F2d 56 (8th Cir. 1976).*

Judges, thus, must be flexible in determining when the technical requirements of these rules must bend in order to fulfill the objectives expressed in *Rule 102*.

Flexibility is also mandated by the enumeration of the multiple goals which the Rules of Evidence are designed to satisfy. Rule 102 speaks of fairness in administration, and the ascertainment of truth and justly determined proceedings. Those objectives can be achieved only if the judge who interprets the rules recognizes that the law of evidence must respond to fundamental changes in our society. *Weinsetiens Evidence, Sec. 102 (01). See also United States v. United States Shoe Machinery Corp., 89F. Supp. 349 (D.Mass. 1950).*

In this case, the request for discovery based upon the Federal Rules of Evidence insure fairness in the Administration of Justice, and enhances the search for truth which should be the hallmark of any trial.

Respectfully submitted,
Carlos Diaz,
By his Attorney,

WJM 3-3-06

William J. Murphy (#4258)
MURPHY & FAY, LLP
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401- 490-3200
Facsimile: 401-490-3207

**CERTIFICATION**

I, the undersigned, hereby certify that a true and accurate copy of the within Motion for Discovery and Disclosure was sent by regular, postage pre-paid, mail to: U. S. Attorney's Office, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence, Rhode Island 02903 on this, ~~the 27 day of February, 2006.~~ March 3, 2006