**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-019ML |
| CARLOS DIAZ a/k/a | ) | |
| Carlos Miguel, a/k/a | ) | |
| Jose Luis, a/k/a Carlos | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, **CARLOS DIAZ** have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to the Amended Indictment, which charges Defendant with knowingly and intentionally conspiring to distribute, and to possess with intent to distribute in excess of 500 grams a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

2. Government's Obligations. In exchange for Defendant's plea/s of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the guideline range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute,

whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. If, however, Defendant qualifies for the provisions of 18 U.S.C. § 3553(f)(the "safety valve"), the Government may recommend any sentence within the applicable range of sentences under the guidelines. The Government is not obligated under this agreement to recommend probation or a "split-sentence" even if permitted. The Government will recommend that Defendant qualify for the "safety valve" provided that:

i. Defendant meets with government representatives, not later than one month in advance of the scheduled sentencing date and truthfully provides all information and evidence Defendant has concerning the offense(s) to which Defendant pleads guilty and which were part of the same course of conduct or of a common scheme or plan; and

ii. Defendant otherwise meets the statutory requirements for the "safety valve." 18 U.S.C. §3553(f)(1)-(4).

(D) (WJM) MR (iii) THE GOVERNMENT AGREES THAT THE DEFENDANT WAS A MINOR PARTICIPANT AND AGREES TO A 2 (TWO) LEVEL DECREASE IN OFFENSE LEVEL PURSUANT TO 3B1.2(b) OF USSG

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The substance involved in the Indictment is cocaine and the government would have proven that fact beyond a reasonable doubt.

b. The total net weight of the cocaine involved in the Count of the Indictment is an amount of at least 3.5 kilograms but less than 5 kilograms, and the government would have proven those facts beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are:

a) forty (40) years imprisonment, with a mandatory minimum term of five (5) years;

b) a fine of up to $2,000,000;

c) a term of supervised release of up to life, with a minimum term of four (4) years; and

d) a mandatory special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility. within 2 weeks (L-Tn) (CMD)

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will

never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| **CARLOS MIGUEL DIAZ**<br>Defendant | 20 July 06<br>Date |
| Willi J. Murphy<br>**WILLIAM J. MURPHY**<br>Counsel for Defendant | 20 July 06<br>Date |
| **MARY E. ROGERS**<br>Assistant U.S. Attorney | 7-20-06<br>Date |
| Kenneth P. Madden<br>KENNETH P. MADDEN<br>First Assistant U.S. Attorney | 7-20-2006<br>Date |

I hereby certify that I truly and accurately sight-translated ~~translated~~ the above plea agreement for **CARLOS MIGUEL DIAZ** on **July 20, 2006** in the presence of his/her attorney and Defendant acknowledged that he/she understood all of the provisions of the agreement.

ANA CECILIA ROSADO
Name of Interpreter (Print)

[signature]
Signature of Interpreter
7/20/2006