MANDATE

# United States Court of Appeals
## For the First Circuit

06-00019
USDC/RI
M. Lisi

No. 06-2641

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS DIAZ,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: August 23, 2007

Carlos Diaz ("Diaz") pled guilty to conspiring to distribute and to possess with intent to distribute more than 500 grams of cocaine and was ultimately sentenced to 51 months' imprisonment, the bottom of the applicable guideline range. In his plea agreement, he "waive[d] [his] right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower." Nevertheless, he has appealed and argues that the appeal waiver is unenforceable because the written waiver was unclear in context, he did not have sufficient time to review and understand it, and enforcing it would work a miscarriage of justice. We consider those arguments in turn.

As Diaz concedes on appeal, the waiver itself clearly precluded an appeal from a sentence within the guideline range. However, he argues that the statements in the plea agreement (and at the change-of-plea hearing) about the advisory nature of the guidelines rendered the waiver ambiguous. We see no contradiction between the court's power to impose either a guideline or a non-

guideline sentence and Diaz's waiver of his right to appeal a sentence within the guidelines (or lower). Even if, as Diaz argues, he was left with the impression that an above-guidelines sentence was a realistic possibility, rendering his appeal waiver inapplicable to such a sentence, that hypothetical scenario does not detract from the applicability and enforceability of the waiver if, as it turned out, the court instead imposed a within-guidelines sentence. We therefore conclude that the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope." United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).

Nor does the brief time that Diaz had to review the written agreement before signing it render the waiver involuntary or unknowing, particularly since its terms had already been negotiated and orally agreed to by the parties before it was later reduced to writing at the court's direction. See United States v. Torres-Rosario, 447 F.3d 61, 66-67 (1st Cir. 2006) (finding fact that defendant was "given only 15 minutes in which to have the plea agreement translated to Spanish, read and digest its contents, and decide whether or not to take the plea" insufficient to render his plea involuntary, where defendant had previously reviewed a similar proposed agreement). Moreover, both Diaz and his counsel acknowledged in the plea agreement itself that Diaz had read the agreement (or had it read to him) and understood it before signing it. See Teeter, 257 F.3d at 26 (finding such acknowledgments to be "prima facie evidence of [a defendant's] knowledge and volition").

But even if Diaz might not in fact have understood the waiver when he signed the agreement, the plea colloquy effectively cured any initial misunderstanding. Unlike in Teeter, the court here specifically directed Diaz's attention to the appeal waiver and explained how it would apply, and Diaz confirmed that he understood both the terms of the waiver and the court's explanation. Accordingly, we are satisfied that "the court's interrogation suffic[ed] to ensure that [Diaz] freely and intelligently agreed to waive h[is] right to appeal h[is] forthcoming sentence." Id. at 24.

The fact that, at the close of the sentencing hearing, the court told Diaz that he "may have the right to take an appeal from the sentence" (emphasis added) did nothing to undermine the exemplary change-of-plea colloquy. Compare id. at 25 (counseling sentencing judges to avoid "broad assurances" that defendants have a right to appeal their sentences) with United States v. De-La-Cruz Castro, 299 F.3d 5, 12 (1st Cir. 2002) (finding that a judge's reminder that a defendant could appeal "in some circumstances" did not directly contradict defendant's appeal waiver since an appeal is permitted to correct a "miscarriage of justice" even in the face

of a knowing and voluntary appeal waiver).

Although we may nevertheless decline to enforce a waiver if doing so would work a "miscarriage of justice," Teeter, 257 F.3d at 25-26, that exception to the enforcement of appeal waivers is "applied sparingly and without undue generosity." Id. at 26. It requires, "at a minimum, . . . an increment of error more glaring than routine reversible error." United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007). In the sentencing context, we have defined a "miscarriage of justice" for this purpose to include, for example, a "plain error" where appellants' sentences were based on constitutionally impermissible factors, exceeded the maximum permitted by law, or violated a material term of the plea agreement. Teeter, 257 F.3d at 25 & nn. 9, 10. Although those examples were not intended to be exhaustive, id. at 25 n.9, the "garden-variety" errors claimed here--misapplication of a guideline and of the statutory sentencing factors to the facts of this case--are not of that ilk, see id. at 26; see also United States v. Soto-Cruz, 449 F.3d 258, 263 (1st Cir. 2006) (finding defendant's claim that his sentence is unreasonable not to satisfy the miscarriage of justice exception).

We need not fully parse the merits of those claims because to do so "would deprive the government of the benefit of its waiver of appeal bargain." De-La-Cruz Castro, 299 F.3d at 15. However, as to Diaz's argument that the district court erred in refusing to grant a further two-level reduction in his offense level for his purportedly minimal role in the offense conduct (on top of the two-level minor-role reduction already granted by the court), suffice it to say that we see no apparent reason to disturb the district court's determination, based on its own exposure to the evidence at trial,[1] that this is not one of those rare cases that warrants application of the minimal-role reduction. See U.S.S.G. § 3B1.2, comment. (n.4) (stating that the minimal-role reduction was intended to be "used infrequently" and only "to cover defendants who are plainly among the least culpable of those involved in the conduct of the group"); see also Teeter, 257 F.3d at 31 (reiterating that battles over a defendant's role in the offense "will almost always be won or lost in the district court") (quotation marks and citations omitted).

Nor do we see any plain error in the method that the district court used to determine an appropriate sentence, which was consistent with that endorsed by this court in United States v. Jiménez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc), and, just recently, by the Supreme Court in Rita v. United States, 127 S. Ct. 2456, 2465 (2007). The resulting 51-month sentence is

---

[1]Diaz did not plead guilty until the third day of trial.

well within reasonable parameters, especially given the seriousness of the offense conduct, which involved trafficking in multi-kilogram amounts of cocaine.

In sum, because Diaz clearly and knowingly waived his right to appeal in his plea agreement and because enforcing the appeal waiver would not work a "miscarriage of justice," we enforce the waiver and affirm the judgment. See United States v. Gwinnett, 483 F.3d 200, 201-03 (3d Cir. 2007).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

LYNNE ALIX MORRISON

By: ______________________
Appeals Attorney.

Certified and Issued as Mandate under Fed. R. App. R 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date:

[cc: Jeffrey M. Brandt, Donald Lockhart, AUSA]