# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA      :
     :
vs.      :      CR No. 06–019–ML
     :
CARLOS DIAZ      :

## MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

Carlos Diaz has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 in the above matter. For reasons stated below, that motion is denied.

## BACKGROUND AND TRAVEL

Diaz worked at a Providence liquor store owned by a major cocaine trafficker known on the

street as "Belige." Diaz served as an intermediary between Belige and a lesser dealer called "Jo Jo,"

arranging kilogram-size cocaine transactions between the two men and serving as an interpreter as

needed. When Jo Jo needed more cocaine, he would contact Diaz. Diaz would talk with Belige and

then relay the terms of the deal to Jo Jo. In one instance, monitored telephone conversations captured

the involvement of Diaz, Belige and Jo Jo in a 43-kilogram cocaine deal that took place in January

2006, near the liquor store. Diaz also served as a intermediary in cocaine deals between Jo Jo and

a smaller purchaser named Patrick Schwab.

Diaz was charged[1] in a single count with conspiracy to distribute 500 grams or more of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. Throughout the proceedings in

---

[1]     In this prosecution the Government filed an original indictment, then a superseding indictment and finally, in connection with Diaz's decision to plead, see discussion infra, an amended superseding indictment. For purposes of this ruling this Court refers to the charges as they appeared in the amended superseding indictment.

this Court, Diaz was represented by retained counsel, Attorney William Murphy.

Diaz initially elected to go to trial.  On the third day of trial, however, Diaz chose to plead guilty, and he and his counsel signed a plea agreement.  Pursuant to that agreement, Diaz pled guilty to the charge and stipulated that the total amount of cocaine involved was between 3.5 and 5 kilograms. (Plea Agreement, ¶¶ 1, 4.b.)  The Government agreed to recommend separate two-level reductions in offense level -- for Diaz's acceptance of responsibility and for his minor role in the offense -- and further agreed that if he met all of the statutory requirements, Diaz would qualify for the "safety valve." (Id., ¶¶ 1-2.)  The plea agreement also included a provision under which Diaz waived his right to file a direct appeal if the sentence imposed was within the guideline range determined by this Court or lower. (Id., ¶ 13.)  At the change of plea hearing conducted on the morning Diaz decided to plead, this Court questioned Diaz closely concerning his understanding of the terms of the plea agreement, including the waiver-of-appeal provision.

The presentence report (PSR) calculated a sentencing guideline range of 63 - 71 months, based on a net offense level of 26 and a Criminal History category I.  The net offense level included two-level reductions for acceptance of responsibility and for a minor role in the offense but did not include any reduction for the safety valve.  Prior to sentencing, Attorney Murphy submitted a sentencing memorandum in which he advocated for a four-level reduction based on Diaz's minimal role in the offense, and for a sentence below the applicable guideline range.

At the sentencing hearing on November 9, 2006, Attorney Murphy argued the request for a four-level reduction based on minimal, rather than minor, involvement.  This Court denied that request but found that the safety-valve requirements had been satisfied and permitted an additional two-level reduction on this basis. (See Transcript of Sentencing Hearing conducted on November

-2-

9, 2006 ["Sent. Tr."] at 7-9.)

Based on a net offense level of 24 and a Criminal History Category I, the Court determined the applicable guideline range to be 51 - 63 months. (Id. at 9.) Attorney Murphy then argued for a sentence of 24 months, well below the advisory guideline range. This Court, for reasons stated, declined to go below the guideline range and imposed a sentence of 51 months, the low end of that range, followed by five years of supervised released. (Id. at 23-27.) This Court further advised Diaz that any appeal must be taken within ten days. (Id. at 27-28.)

Notwithstanding the waiver-of-appeal provision in his plea agreement, Diaz appealed his conviction and sentence and was represented by different counsel. On appeal Diaz argued (1) that the waiver-of-appeal provision was unenforceable; (2) that this Court erred in refusing to grant a further two-level reduction in his offense level for a minimal role in the offense; and (3) that his sentence was otherwise unreasonable.

The Court of Appeals rejected all of these arguments and affirmed Diaz's conviction and sentence. See United States v. Carlos Diaz, No. 06-2641, Judgment (1st Cir. Aug. 23, 2007). The court upheld the waiver-of-appeal provision, as more fully discussed infra. The court also noted that even if it were to review the merits of Diaz's claims, there was no error in refusing to grant a further two-level reduction in his offense level for his allegedly minimal role in the offense conduct (on top of the two-level minor-role reduction already granted by this Court) and that the sentence imposed was otherwise reasonable. Id. at *3-*4.

Thereafter, Diaz filed the instant motion to vacate. In his motion and supporting papers he raises the following claims: (1) that the waiver-of-appeal provision in the plea agreement is not enforceable because his waiver was not knowing and intelligent; and (2) that his counsel rendered

-3-

ineffective assistance by failing to adequately explain to Diaz the waiver-of-appeal provision. He requests that the waiver-of-appeal provision be stricken so that he may seek review of his sentence. The Government has filed an opposition to the motion to vacate (Doc. # 60), and Diaz, with the assistance of pro hac vice counsel, thereafter filed a reply (Doc. # 63). The matter is ready for decision.[2]

DISCUSSION

The pertinent section of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotations omitted). Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456

---

[2]   Although Diaz has requested an evidentiary hearing, there is no need for a hearing in this matter, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing is required where district judge is familiar with underlying case).

U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims

not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice"

or, alternatively, that he is "actually innocent" of the offenses for which he was convicted. Bousley

v. United States, 523 U.S. 614, 622 (1998)(citations omitted). See Brache v. United States, 165 F.3d

99, 102 (1st Cir. 1999). However, claims of ineffective assistance of counsel are not subject to this

procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Here, none of the claims raised by Diaz entitles him to relief, either because they were raised

and rejected on direct appeal or are otherwise without merit, as discussed below.

A.    Waiver-of-Appeal Provision

Diaz first challenges the enforceability of the waiver-of-appeal provision in his plea

agreement. He claims that the process by which he agreed to that provision violated his due process

rights. (Motion to Vacate, Ground One.)

The short answer to this claim is that the enforceability of this waiver-of-appeal provision

was fully addressed and upheld by the Court of Appeals. See Diaz, No. 06-2641 at *1-*2. The court

found that the waiver provision was valid under the three-prong test set forth in United States v.

Teeter, 257 F.3d 14 (1st Cir. 2001), i.e., that the provision was clear; that to the extent Diaz may not

have fully understood the provision or its implications, this Court's colloquy "effectively cured any

misunderstanding" and was not undermined by this Court's brief reference at the close of the

sentencing hearing to the time to file any appeal, and that enforcing the waiver would not work any

miscarriage of justice. Id. at *2-*3 (citing Teeter, 257 F.3d at 24-26).[3] The First Circuit's discussion

---

[3]    At the July 20, 2006 plea hearing this Court specifically addressed Diaz concerning the
waiver-of-appeal clause as follows:

THE COURT: Now, Mr. Diaz, do you understand that you may have a right to take an appeal from
any sentence I impose?

-5-

also effectively disposes of Diaz's related claim that the process by which he agreed to the waiver-of-appeal provision violated his due process rights.

Diaz is precluded from re-asserting any of the foregoing claims here. It has long been established that claims raised and decided on direct appeal from a criminal conviction may not be re-asserted in a § 2255 proceeding. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion"), quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996)(same).

---

THE DEFENDANT: Yes.
THE COURT: However, under the terms of this plea agreement, you have agreed that you will give up your right to take an appeal if the sentence I impose is within the guideline range or lower. Do you understand that?
THE DEFENDANT: Yes.
THE COURT:   So if I give you a sentence that is within your guideline range and you're not satisfied, you can't go to the Court of Appeals and complain because you've given up your right to take an appeal from such a sentence. Do you understand that?
THE DEFENDANT: Yes.
THE COURT:   On the other hand, the Government also has a right to take an appeal from any sentence I impose. So if the Government thinks that I've sentenced you too leniently, they can go to the Court of Appeals and ask to have my sentence reversed. Do you understand that?
THE DEFENDANT: No.
THE COURT: Mr. Murphy.
(Defendant confers with counsel)
THE COURT:   Did Mr. Murphy explain that to you, Mr. Diaz?
THE DEFENDANT: Yes.
THE COURT:   In other words, although you've given up your right to take an appeal, the Government has not. And it's important for you to understand that.
THE DEFENDANT:  So they can appeal?
THE COURT: Yes.
THE DEFENDANT: Yes.
THE COURT:   Now, Mr. Diaz, are those the terms of the plea agreement as you understood them at the time that you signed it?
THE DEFENDANT: Yes.
    *        *        *
THE COURT:    Do yo have any questions at all about the plea agreement?
THE DEFENDANT:  No.
(See Transcript of Change of Plea Hearing conducted on July 20, 2006 ["Plea Tr."] at 18-20.)

B.     Ineffective Assistance Claim

The First Circuit's decision affirming Diaz's conviction likewise disposes of Diaz's further

claim that his counsel rendered ineffective assistance by failing to adequately explain to Diaz the

waiver-of-appeal provision.

A defendant who claims that he was deprived of his Sixth Amendment right to effective

assistance of counsel must demonstrate: (1) that his counsel's performance "fell below an objective

standard of reasonableness," and (2) a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S.

668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

Here, the record shows that in addition to his discussions with Diaz prior to the change of

plea hearing, Attorney Murphy, at several points during the plea colloquy, with this Court's

prompting, explained specific provisions of the plea agreement, including the waiver-of-appeal

provision, to Diaz, and Diaz indicated he understood.[4]  This colloquy was deemed by the Court of

Appeals to have cured any misunderstanding on the part of Diaz as to that provision. See Diaz, No.

062641 at *2.  Moreover, although counsel was unsuccessful in obtaining a further reduction in

offense level, Diaz's sentence was at the low end of the applicable Guideline range, which itself was

reduced because Diaz received the safety valve.  It follows that his counsel's performance was not

deficient, and Diaz was not prejudiced.

The Court has considered all other arguments raised by Diaz, and finds them to be without

merit.  Thus, his request that the waiver-of-appeal provision be stricken, must be denied.[5]

---

[4]      See footnote 3, supra.

[5]      Although this Court need not address Diaz's substantive issues, to the extent that he seeks to
invalidate the waiver-of-appeal provision in order to appeal the denial of a further offense level reduction
based on minimal involvement, this Court notes that the Court of Appeals refused to disturb that ruling in
the course of affirming Diaz's conviction and sentence. See Diaz, No. 06-2641 at *3.

## III.   CONCLUSION

For all of the foregoing reasons, Diaz's motion to vacate sentence is denied and dismissed.


IT IS SO ORDERED:


Mary M. Lisi
Chief United States District Judge

Date: June 9, 2009